WILLIAM A. HODGSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44280. Promulgated October 1, 1931.

*J. R. Little, Esq.*, for the petitioner.
*S. B. Pierson, Esq.*, for the respondent.

**OPINION.**

MATTHEWS: The petitioner in this proceeding is claiming the right to deduct from his gross income for 1925 as a net loss the amount of $23,473.08, which loss resulted from the sale of stocks and securities in 1924. Section 206(a) of the Revenue Act of 1924 provides:

As used in this section the term "net loss" means the excess of the deductions allowed by section 214 or 234 over the gross income, with the following exceptions and limitations:

(1) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business;

And section 206 of the Revenue Act of 1926 provides:

(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), * * *

* * * * * * *

(e) * * * or if for the taxable year 1924 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1924, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

Since the petitioner sustained a loss in the year 1924 as the result of sales of securities in the amount of $38,353.04, which is in excess of the amount of gross income not derived from such transactions, it is necessary to decide whether the petitioner's activities in buying and selling stocks and securities constituted a "trade or business regularly carried on."

Upon consideration of all the evidence, we are of the opinion, and so hold, that such activities did constitute a trade or business regularly carried on. The petitioner never practiced his chosen profession, engineering. After 1900 he devoted all his time and energies, in so far as business activities were concerned, to trading in stocks and other securities. From a small investment of about $50,000 in 1900 he had increased his holdings until they were worth about $200,000 in 1924. Only a small part of this was in investment securities. During most of this time and during 1925 he was not actively interested in any other occupation. He was a member of a partnership, but took no active part therein and derived no income in 1924 and 1925 from this partnership. He spent a considerable part of his time at his brokers—sometimes nearly all day, depending upon the activity of the market. He derived the greater part of his income in 1925 from sales of securities. See *Harry F. Harper*, 20 B. T. A. 143; *Lehigh Carroll*, 20 B. T. A. 1029; and *Washburn* v. *Commissioner*, 51 Fed. (2d) 949.

In accordance, therefore, with the provisions of section 206(b) and (e) of the Revenue Act of 1926 the petitioner is entitled to deduct the net loss in the amount of $23,473.08, sustained in 1924, from his gross income for 1925.

*Judgment will be entered under Rule 50.*